**In the Interest of M.D.B.**

No. 73634.

Missouri Court of Appeals,
Eastern District,
Division Five.

Sept. 15, 1998.

Catalona & Sherry, Thea A. Sherry, Clayton, for appellant.

Cynthia Harcout–Hearring, Clayton, for respondent.

KAROHL, Judge.

Mother appeals judgment of the Juvenile Court of St. Louis County terminating parental rights of M.D.B., born September 7, 1996. On September 10, 1996, the Juvenile Court placed the child in protective custody. On September 23, 1996, a Juvenile Officer filed a petition alleging M.D.B. was in need of care and treatment that the parents were unable to provide. On October 28, 1996, after a hearing, the court found Mother was involved in the use of drugs and her whereabouts unknown. On June 23, 1997, a Juvenile Officer filed a petition to terminate parental rights that alleged a previous adjudication of abuse or neglect and abandonment for a period of sixty days or longer immediately prior to the filing of the petition. After a hearing at which Mother was present the court entered the judgment terminating Mother's parental rights.

■ Mother contends:

The trial court erred in granting the Petition to Terminate Parental Rights because there was not clear, cogent, and convincing evidence that [Mother] had for a period of sixty days or longer prior to the filing of the Petition to Terminate her

Parental Right [sic], and without good cause, willfully abandoned the minor child. Mother argues that the evidence was insufficient to support a finding that she abandoned M.D.B. as that conduct is defined in section 211.447.2(1)(b) RSMo 1994.[1] The statute requires a failure to provide parental support without making any arrangement for visitation or communication with a child, although able to do so. She relies on *In the Matter of T.C.M.*, 651 S.W.2d 525 (Mo.App.1983) for the proposition that willful abandonment requires a voluntary intentional relinquishment of custody with the intent to never claim a right of a parent or an intentional withholding from the child without just cause or excuse, of parent's presence, care, love and protection. She testified she never voluntarily relinquished custody. In the alternative she argues that if there was evidence to support finding legal abandonment, then there was evidence to support a finding of repentance. "Repentance of the abandonment may be determined by the actual or attempted exercise of parental rights and performance of parental duties following the abandonment." *In the Interest of M.L.K.*, 804 S.W.2d 398, 403 (Mo.App.1991).

■ We reject the claim of error for several reasons. First, the point on appeal addresses only one of two separate grounds that were the subject of the petition for termination, the hearing, the findings of the court and the judgment for termination. The separate grounds were abandonment and abuse or neglect. Termination of parental rights may occur when it is determined to be in the best interest of a child, and when the trial court finds by clear, cogent and convincing evidence that one or more of the statutory grounds set forth in section 211.447 RSMo 1994 has been met. *In the Interest of J.N.C.*, 913 S.W.2d 376, 378–379 (Mo.App. W.D.1996). Moreover, we have independently reviewed the record and find there was clear, cogent and convincing evidence of abuse and neglect.

■ Second, applying the appropriate standard of review, *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), we find clear, cogent and convincing evidence to support the allegations and findings of abandonment which occurred during the relevant period, April 23, 1997 and June 23, 1997. At most, during that period, Mother maintained a superficial or tenuous relationship with M.D.B. That was not sufficient to prevent a finding of abandonment. *In the Interest of M.L.K.*, 804 S.W.2d at 403. There was evidence to support a finding that for an entire year, between the time of birth and the time of the hearing, Mother had spent less than four hours with her infant son. There was evidence to support a finding that she appears able-bodied and capable of employment, but had never been employed.

■ Third, the question of repentance was not an issue before the trial court.

We find the findings of fact, conclusions and judgment terminating parental rights of the mother of M.D.B. is supported by clear, cogent and convincing evidence and does not erroneously declare or apply the law.

We affirm.

ROBERT G. DOWD, Jr., C.J., and CRANDALL, J., concur.

---

1. Section 211.447.2(1)(b) RSMo Cum.Supp.1997 was not in effect on June 23, 1997, when the

Petition to Terminate Parental Rights was filed in this case.